IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:15CR00008 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TURHAN BEY LAW II, | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Defendant Turhan Law has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act of 2018.   For the reasons set forth below, the motion will be granted.

On July 9, 2015, Law pled guilty to two counts charged in an indictment: conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).   On October 1, 2015, the court sentenced Law to a total term of imprisonment of 120 months, to be followed by a five-year term of supervised release.[1]   Law is currently incarcerated at the Federal Medical Center in Butner, North Carolina ("FMC Butner").   His projected release date, with credit for good conduct, is September 21, 2023.

Law was recently transferred to FMC Butner because he requires treatment for serious medical conditions.   In July of 2020, while incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania, Law was admitted to the hospital for lightheadedness and syncope.   He reported experiencing nosebleeds "3–4 times per day since April" and "dark stools over the past

---

[1] The sentence of imprisonment consisted of the mandatory minimum term of five years for the drug trafficking offense and the mandatory consecutive term of five years for the firearm offense.

few weeks." ECF No. 56 at 127. Law was diagnosed with acute blood loss anemia, a nasal polyp, epistaxis, and asthma. Id. at 156. He received a blood transfusion and was referred for an endoscopic intranasal biopsy. Id. at 28, 103. The biopsy, performed on August 4, 2020, revealed "invasive poorly differentiated squamous cell carcinoma." Id. at 103; see also id. at 6 ("Received a call from ENT specialist: Biopsy was positive for cancer."). On September 23, 2020, Law underwent an MRI of the brain and paranasal sinuses, which "showed a large mass in the posterior/superior aspect of the nasopharynx extending adjacent to the posterior aspect of the right turbinates and extending adjacent to the anterior aspect of the clivus." ECF No. 60 at 10. A subsequent PET scan revealed "intense uptake in the region of the right choanae/nasopharynx and low-level uptake in association with upper jugular lymph nodes, with metastatic disease likely." Id.

Because of his cancer diagnosis, Law was prioritized for transfer to a Federal Medical Center. However, his transfer was not completed until November 5, 2020. The record reveals that no cancer treatment plan was executed prior to his transfer.

Law is now incarcerated at FMC Butner, where he is scheduled to undergo chemotherapy. As of December 7, 2020, nearly 200 inmates and staff members at FMC Butner have contracted COVID-19, and one inmate has died as a result of the virus. See https://www.bop.gov/coronavirus (last visited Dec. 7, 2020).

Law, by counsel, has moved for compassionate release based on his serious medical conditions and the COVID-19 pandemic. Law emphasizes that he "can serve the remainder of his time on home confinement, while receiving the medical care he requires and living in conditions that limit his exposure to COVID-19." ECF No. 50 at 8. If released, Law intends to live with his

parents in Roanoke, Virginia.   Law's sister, who is a nurse, is available to assist him in obtaining

medical treatment.   Law's release plan has been approved by the United States Probation Office.

Ordinarily, a federal court "may not modify a term of imprisonment once it has been

imposed."  18 U.S.C. § 3582(c).   However, the compassionate release statute, as amended by

Section 603(b) of the First Step Act, provides as follows:

> [T]he court, . . . upon motion of the defendant after the defendant
> has fully exhausted all administrative rights to appeal a failure of the
> Bureau of Prisons to bring a motion on the defendant's behalf or the
> lapse of 30 days from the receipt of such a request by the warden of
> the defendant's facility, whichever is earlier, may reduce the term of
> imprisonment . . . , after considering the factors set forth in section
> 3553(a) [of Title 18] to the extent that they are applicable, if it finds
> that . . . extraordinary and compelling reasons warrant such
> reduction; . . . and that such a reduction is consistent with the
> applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Prior to the enactment of the First Step Act, courts could consider compassionate release

only upon motion by the Bureau of Prisons.   United States v. McCoy, ___ F.3d ___, 2020 U.S.

App. LEXIS 37661, at *6 (4th Cir. Dec. 2, 2020) (citing 18 U.S.C. § 3582(c)(1)(A) (2012)).

Since its enactment, "the Sentencing Commission has not updated its policy statement on

compassionate release."   United States v. Booker, 976 F.3d 228, 233–34 (2d Cir. 2020).

Consequently, "[t]here is as of now no 'applicable' policy statement governing

compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A),

and as a result, district courts are 'empowered . . . to consider any extraordinary and compelling

reason that a defendant might raise.'"   McCoy, 2020 U.S. App. LEXIS 37661, at *27 (alteration

and emphasis in original) (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)).

In this case, the government concedes that Law has satisfied the exhaustion requirement of § 3582(c)(1)(A).   The government also acknowledges that Law's serious medical conditions, considered in conjunction with the COVID-19 pandemic, provide an extraordinary and compelling basis for compassionate release.   The government argues, however, that the factors set forth in 18 U.S.C. § 3553(a) do not support Law's release at this time.[2]   For the following reasons, the court disagrees.

While Law's offenses were undoubtedly serious, he has served nearly 60% of his full prison sentence.   In addition, Law does not have a violent criminal history, and he had only three criminal history points at the time of sentencing.   While incarcerated, Law has completed several educational and occupational programs that will benefit him upon release, and he has received only one disciplinary infraction.   Finally, Law was diagnosed with cancer in August of 2020 after exhibiting serious symptoms for a prolonged period, and he has had to wait several months to receive treatment.   Given the particular circumstances of this case, the court believes that a sentence of time served, to be followed by a 33-month period of home detention as a condition of supervised release, is sufficient to achieve the sentencing objectives articulated in § 3553(a) and that any additional time spent in prison would be "greater than necessary."   18 U.S.C. § 3553(a).

For these reasons, it is hereby

**ORDERED**

as follows:

1.      Law's motion for compassionate release (ECF Nos. 50 & 57) is **GRANTED**.

---

[2] The factors include, among others, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for just punishment, adequate deterrence, protection of the public, and rehabilitation; and the need to avoid unwanted sentencing disparities.   18 U.S.C. § 3553(a).

2.      Law's total term of imprisonment is **REDUCED** to **TIME SERVED**, and he shall be released forthwith.

3.      Law's conditions of supervised release are modified as follows:

   a.      Upon his release from FMC Butner, Law shall proceed directly to the residence of his parents in Roanoke, Virginia, and self-quarantine for a period of fourteen (14) days, except as necessary for medical treatment.

   b.      Law shall serve 33 months of home detention beginning immediately after his release from incarceration.  While on home detention, Law must remain at his residence at all times, except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by his supervising probation officer.

   c.      While on home detention, Law shall be monitored by GPS location monitoring and shall abide by all technology requirements.  He shall pay all or part of the costs of participation in the monitoring program as directed by the court and the supervising probation officer.

4.      All other terms and conditions of the defendant's original sentence shall remain the same.

The Clerk is directed to send copies of this order to the defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

DATED: This __7th__ day of December, 2020.

_____

Senior United States District Judge

5